In the Matter of the Dependency and Neglect of N. J. W., N. G. B. and K. F. B.

No. 11748.

Supreme Court of South Dakota.

Argued May 27, 1976.

Reassigned Jan. 6, 1977.

Opinion May 13, 1977.

James R. McCurdy, Terry L. Pechota, Fort Thompson, for appellants Parents of N. J. W., N. G. B. and K. F. B.; William J. Janklow, Atty. Gen., on brief.

Janice C. Godtland, Asst. Atty. Gen., Pierre, for respondent State of South Dakota.

PORTER, Justice (on reassignment).

Appellants' children were taken into custody by the State Department of Social Services on August 13, 1974; two days later a petition was filed in Circuit Court for the Fourth Judicial Circuit alleging that the children were dependent and neglected as defined by SDCL 26–8–6. An adjudicatory hearing was conducted on May 28 and May 29, 1975, and pursuant to findings of fact and conclusions of law, the trial court entered orders declaring N. J. W., N. G. B. and K. F. B. to be dependent and neglected children.

A dispositional hearing was held on June 18, 1975 and continued until July 22, 1975, pursuant to stipulation of counsel. At the conclusion of that hearing the court entered orders of disposition terminating appellants' parental rights to their children. Appeal was taken from both the Adjudicatory and Dispositional Orders. We vacate the Dispositional Orders and remand the cause for a new dispositional hearing.[1]

The findings of fact and conclusions of law entered by the trial court deal only with the adjudication that the children were dependent and neglected. No findings or conclusions were entered in support of the decision to terminate parental rights. The trial court expressly directed that there would not be findings of fact and conclusions of law in the dispositional hearing. We have held that findings of fact and conclusions of law are required by SDCL 15–6–52(a). *Matter of A. P. and A. P.,* S.D., 248 N.W.2d 878 (1976). And see *People in Interest of D. C. and B. M.,* 252 S.W.2d 232 (S.D., filed April 7, 1977). We find no waiver of such findings in the record. SDCL 15–6–52(b).

Twenty-two months have elapsed since entry of the Dispositional Orders. If the trial court were to make findings and conclusions based only upon evidence received prior to July, 1975, the court would be de-

1. Custody of the Department has been continuous since August 13, 1974, pursuant to temporary custody orders, and the Adjudication and Dispositional Orders here on appeal. Final termination of parental rights was stayed by the trial court, on application of appellants, during pendency of the appeal.

nied the opportunity to hear and consider evidence of occurrences since which may be altogether relevant and material to a determination of the findings, conclusions and decree now to be entered. It is therefore appropriate that a new dispositional hearing be held after which findings, conclusions and a dispositional decree [SDCL 26–8–35, 26–8–36] shall be entered.[2]

All the Justices concur.

2. Consideration of any other matters raised on appeal would at this time be premature.